IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VERA CLOWERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-179 (MTT) |
| MANDARICH LAW GROUP LLP, *et al*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Vera Clowers moves to strike the second affirmative defense of Defendants Mandarich Law Group, LLP; CACH, LLC; LVNV Funding, LLC; and Resurgent Capital Services, LP. Docs. 21; 22; 23; 24. The motions (Docs. 21; 22; 23; 24) are denied.

## I. BACKGROUND

Clowers alleges CACH previously filed a lawsuit against her in 2016 to collect a consumer debt ("first lawsuit"). Doc. 1 at 1. In October 2016, the parties entered into a settlement agreement, pursuant to which CACH paid Clowers $3,500.00 and agreed to dismiss the lawsuit with prejudice. Docs. 1 at 1; 1-10 at 5.

CACH subsequently hired new counsel, Mandarich, and attempted to collect the same debt alleged in the first lawsuit. Doc. 1 at 3. Mandarich sent Clowers a demand letter on November 28, 2018 demanding payment of $4.739.40. *Id.* at 3-4. Clowers, of course, alleges that the debt has been extinguished and, in any event, Georgia's six-year statute of limitations bars the claim. *Id.* at 4.

On May 10, 2019, Clowers filed suit in this Court "to recover all available remedies" under the Fair Debt Collection Practices Act ("FDCPA") (15 USC § 1692 *et. seq.*), the Fair Business Practices Act (OCGA § 10-1-390 *et seq.*), the Unfair or Deceptive Practices Toward the Elderly Act (OCGA § 10-1-850 *et seq.*), and the Defendants' breach of the settlement agreement. *Id.* at 5.

All Defendants answered on July 3, 2019. Docs. 11; 12; 13; 14. Clowers moves to strike the second affirmative defense alleged in all four Answers. Docs. 21; 22; 23; 24.

## II. DISCUSSION

The FDCPA provides for a bona fide error defense: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." 15 U.S.C. § 1692k(c). All four Defendants raised a bona fide error defense as their second affirmative defense.

> Mandarich alleged that
>
> [a]t all relevant times, Defendant acted in good faith. Any alleged violation of the FDCPA was neither willful nor intentional and would have resulted from a bona fide error notwithstanding the maintenance of reasonable procedures designed to avoid such error. Specifically, Defendant does not collect on out-of-statute debts and has, at all relevant times, had a policy in place to close out accounts for which the statute of limitations has expired. Similarly, Defendant, at all relevant times has maintained a policy to close out accounts, cease collection activity and return accounts to the creditor on all settled debts. Defendant did not know the subject debt was settled or beyond the statute of limitations at the time i[t] was placed with it for collection.

Doc 13 at 32.

> CACH alleged that
>
> at all relevant times, Defendant acted in good faith. Any alleged violation of the FDCPA was neither willful nor intentional and would have resulted

> from a bona fide error notwithstanding the maintenance of reasonable procedures designed to avoid such error. Specifically, on information and belief, at all relevant times, Defendant's debt servicer, Resurgent, had a policy in place to close out accounts for which the statute of limitations has expired. Similarly, on information and belief, at all relevant times Resurgent maintained a policy to close out accounts on all settled debts. At all relevant times, Defendant did not know the subject debt was settled and/or beyond the statute of limitations.

Doc. 11 at 32.

> LVNV Funding alleged that although it denies
>
> that it made any attempt to collect a debt from Plaintiff and/or controlled or directed any attempts to collect a debt from Plaintiff (and thereby contends it cannot be held vicariously liable for any such collection activity), Defendant pleads in the alternative that the alleged violations of the FDCPA were neither willful nor intentional and would have resulted from a bona fide error notwithstanding the maintenance of reasonable procedures designed to avoid such error. Specifically, on information and belief, at all relevant times, Defendant's debt servicer had a policy in place to close out accounts for which the statute of limitations has expired. Similarly, on information and belief, at all relevant times Defendant's debt servicer maintained a policy to close out accounts on all settled debts.

Doc. 12 at 33.

> Resurgent Capital Services alleged that it
>
> [a]t all relevant times, . . . acted in good faith. Any alleged violation of the FDCPA was neither willful nor intentional and would have resulted from a bona fide error notwithstanding the maintenance of reasonable procedures designed to avoid such error. Specifically, Defendant does not service or attempt to collect out-of-statute debts and has, at all relevant times, had a policy in place to close out accounts for which the statute of limitations has expired. Similarly, Defendant, at all relevant times has maintained a policy to close out accounts on all settled debts. Defendant did not know the subject debt was settled or beyond the statute of limitations at the time is was placed with Mandarich for collection.

Doc. 14 at 32-33.

Clowers argues that Fed. R. Civ. P. 9(b) is applicable when bona fide error is raised as an affirmative defense. Docs. 21-1 at 2-3; 22-1 at 2-3; 23-1 at 2-3; 24-1 at 2-3. Fed. R. Civ. P. 9 provides that "[i]n alleging fraud or mistake, a party must state with

-3-

particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Relying on several cases from the Middle District of Florida, Clowers argues that all Defendants' bona fide error defenses must be stricken under Fed. R. Civ. P. 12(f)[1] for failure to comply with Fed. R. Civ. P. 9. Docs. 21-1 at 2-4; 22-1 at 2-4; 23-1 at 2-4; 24-1 at 2-4 (citing *Wiebe v. Zakheim & Lavrar P.A.*, 2012 WL 5382181 (M.D. Fla. 2012); *Walker v. Credit Control Serv. Inc.*, 2015 WL 4571158 (M.D. Fla. 2015); and *Schmidt v. Synergentic Commc'n, Inc.*, 2015 WL 997828 (M.D. Fla. 2015))[2].

The Defendants argue that Fed. R. Civ. P. 9(b) does not apply to the FDCPA's bona fide error defense. They point out that "[n]either the Eleventh Circuit nor any court in this district has concluded . . . that the particularity requirement for mistake allegations [under Fed. R. Civ. P. 9(b)] extends to bona-fide-error allegations under the FDCPA." Doc. 28 at 2. Instead, Fed. R. Civ. P. 8(b), which requires a defendant to "state in short and plain terms its defenses to each claim asserted against it," applies. *Id.* at 2-3.

The Court agrees with the Defendants that the Eleventh Circuit has not addressed this issue.[3] The Court was unable to locate, and the parties have not cited, an opinion from any Circuit court addressing whether the particularity requirement of Fed. R. Civ. P. 9(b) applies when bona fide error is raised as an affirmative defense. The district courts are split on the issue. *Ruff v. Credit Adjustment, Inc.*, 2018 WL 4019464 (S.D. Ohio

---

[1] Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
[2] The Court notes that Clowers' reliance on *Schmidt* is somewhat misplaced because the court did not even address whether Fed. R. Civ. P. 9 was applicable. Instead, the defendant's bona fide error defense was stricken for failure to comply with Fed. R. Civ. P. 8's general pleading requirement. *Schmidt*, 2015 WL 997828, at *2.
[3] In her Reply, Clowers states that "contrary to Defendants' claim, the Eleventh Circuit has considered standards for pleading mistake and fraud under Fed. R. Civ. P. 9(b)." Doc. 29 at 2. It certainly has. *See United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002). But it is has not determined if these standards are applicable when bona fide error is raised as an affirmative defense to alleged FDCPA violations

2018) (compiling cases, stating that "district courts have varied widely with their approach to which pleading standard a defendant must meet when asserting a bona fide error defense," and determining that Fed. R. Civ. P. 8 applies); *Sellers v. Rushmore Loan Mgmt. Serv., LLC,* 2016 WL 11431489, at *4 n.4 (M.D. Fla. 2016) (declining to find that Fed. R. Civ. P. 9(b)'s particularity requirement applies to bona fide error allegations under the FDCPA because, *inter alia*, to strike the defense and allow amendment would only slow progress and increase the costs of litigation); *Amaya v. Crowson & Crowson*, LLP, 2013 WL 12126784, at *2 (W.D. Tex. 2013) (compiling cases, finding that "a review of courts nation-wide reveals that applying Rule 8's pleading standard when considering a motion to strike a §1692k(c) 'bona fide error' defense is the majority position," and determining that the heightened pleading standard of Fed. R. Civ. P. 9 is not applicable to a bona fide error defense).

Ultimately, this Court need not decide the issue. Even if the heightened pleading standard of Rule 9 applies, the Defendants pled their second affirmative defense with sufficient particularity. Under Rule 9(b), allegations of fraud or mistake "'must include facts as to time, place, and substance. . . .'" *United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002) (citations omitted). Each Defendant alleged that it or its agents had a policy in place to close out all accounts that (1) were outside of the statute of limitations and/or (2) had been settled. Docs. 11 at 32; 12 at 33; 13 at 32; 14 at 32-33. Each Defendant stated it was unaware that the debt had been settled or was beyond the statute of limitations at the time collection commenced. *Id*. "This is sufficient under the circumstances so that Plaintiff should not be unfairly surprised by the defense." *Wiebe*, 2012 WL 5382181, at *2. The two FDCPA cases cited by Plaintiff in which the Court struck the bona fide error defense are distinguishable

because the Defendants in both simply parroted the statutory language. *Walker*, 2015 WL 4571158, at *2-*3. (finding a "one-sentence 'bare-bones allegation' is insufficient"); S*chmidt*, 2015 WL 997828, at *2 (applying standard under Fed. R. Civ. P. 8 and striking defense when defendant merely recited the statutory language and provided no additional detail).

Clowers' motions to strike each of the Defendants' second affirmative defense (Docs. 21; 22; 23; 24) are **DENIED**.

**SO ORDERED**, this 8th day of October, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT